Jones, P. J.
An action of tort in three counts to recover for personal injuries suffered by the plaintiff while alighting from the defendant’s-truck. The declaration is in three counts. The first, alleges gross negligence; the second, wilful, wanton and reckless conduct on the part of the defendant; and the third, in substance, ordinary negligence.
As we understand plaintiff’s brief, counts 1 and 2 are waived and defendant’s liability,, if any, is based under count 3 for ordinary negligence.
*404 The plaintiff duly requested the court to rule,—
1. The evidence is sufficient to warrant a finding as a matter of law for the plaintiff.
2. The evidence is sufficient to warrant a finding as a matter of law that the defendant was negligent.
3. The evidence is sufficient to warrant a finding as a matter of law that the plaintiff was a passenger to hire of the defendant.
4. A finding of fact that the defendant was negligent and that the plaintiff was in the exercise of due care is sufficient to justify a finding for the plaintiff.
5. On the facts the plaintiff in order to recover need only prove that the defendant was guilty of negligence.
6. The evidence is insufficient as a matter of law to require a finding for the defendant.
7. The evidence is sufficient to warrant a finding as a mat-, ter of law that the plaintiff was in the exercise of due care.
8. The evidence is insufficient to require a finding as a matter of law that the plaintiff was guilty of contributory negligence.
Requests 1, 2, 3, 6, 7 and 8 were refused without comment, and a finding made for the defendant. Requests 4 and 5 were allowed. Ro finding of facts was made or recorded by the trial court.
The defendant’s argument is that the rulings requested by the plaintiff and denied by the trial judge mean “that the trial judge had, as a matter of law, to find for the plaintiff against the defendant because as a matter of law the plaintiff was in the exercise of due care and the defendant was negligent.” But this is not a correct interpretation of the meaning of these requests.
The request discussed in Bresnick v. Heath, Mass. Adv. Shts. (1935) 2297, is similar in character to the rulings denied in the instant case. That request was as follows:— “There is evidence to warrant the court to find for the plaintiff.” In the opinion by Rugg, C. J. in that case, at page 2301, he says,—
*405 “The denial of request 7 involved a ruling as matter of law that there was no evidence to warrant recovery by the plaintiff. It was equivalent to a ruling as matter of law either that the defendant was not negligent or that the sole cause of damage to the plaintiff was the negligence of the bailee of his automobile. It was not a request that as matter of law the plaintiff was entitled to recover. This was error. The record is not fairly susceptible of the construction that this request was denied because rendered immaterial by findings of fact made by the trial judge. No findings of fact are recited. It would have been simple for the trial judge to have made a statement that the defendant was found free from negligence as matter of fact as the ground for denial of this request, or that the request had become immaterial because of a finding in favor of the defendant on the facts . . . That course was not pursued. It cannot be said that this was harmless error.”
No finding of fact having been made in the instant case the denial of the plaintiff’s requests means the trial judge ruled that the evidence in any view of it would (1) not warrant a finding for the plaintiff; (2) was not sufficient in any view of it to warrant a finding of defendant’s negligence; (3) would not warrant a finding that the plaintiff was a passenger for hire; (6) it did necessarily require only a finding for the defendant ; that is, upon any view of the evidence that the judge might take could he warrantably find the plaintiff in the exercise of due care or the defendant guilty of negligence ; (7) that the evidence in any view would not warrant a finding that the plaintiff was in the exercise of due care; (8) that the trial judge upon the evidence could not warrantably find the plaintiff free from contributory negligence.
A statement by the trial judge that he found the plaintiff either in or not in the exercise of due care, or the defendant guilty or not guilty of negligence; or that he found the plaintiff either a passenger or not a passenger for hire, could have been easily made and assigned as a reason for *406 the denial of these requests. Or he might have disposed of the requests as inapplicable under the facts found.
The trial judge, however, gave the fourth request, thereby showing he had in mind correct rules of law as to the proof required of the plaintiff in order to recover, thus properly instructing himself as to the law applicable.
By giving the fifth request the court in effect ruled that, ,on the evidence and the facts found therefrom, the plaintiff was in the exercise of due care and a passenger for hire and :was entitled to recover if he sustained the burden of proof ■as to the defendant’s negligence; in this respect the court was ruling contrary to his refusal of plaintiff’s requests 3 and 7 whereby he had in effect ruled that the evidence would not sustain a finding as to the' status of the plaintiff as a passenger for hire or that the plaintiff was in the exercise of due care. ■
We think, therefore, that the failure to deny these requests as inapplicable or give some valid reason for their refusal was error. It was the duty of the trial judge to state “expressly or by fair inference either that the legal proposition involved in the rulings requests is unsound or inapplicable or that the facts upon which it is predicated are not found to be true.” Hetherington & Sons vs. Firth, 210 Mass. 8,17.
■ With the confusion resulting from the inconsistence shown by the giving of plaintiff’s requests 4 and 5 and the denial :of requests 1, 2, 3, 6, 7, and 8, the finding for the defendant, taken in connection with the absence of any findings of fact •it is'not unréasonable to infer that the plaintiff has suffered from the situation above outlined. It is imperative to see ‘if the trial judge correctly instructed himself as to the law applicable to the evidence and followed these instructions before coming to a decision of the cáse. Hetherington & *407 Sons vs. Firth, 210 Mass. 17. We say that it is imperative to say that he has not suffered because the evidence would warrant a finding that the plaintiff was a passenger for hire and that the defendant was negligent and that the plaintiff was in the exercise of due care. This does not necessarily mean that if the trial judge did rule that the evidence would warrant a finding for the plaintiff or was sufficient upon which to base a finding of due care on plaintiff’s part or sufficient to warrant a finding of no negligence on the part of the defendant that such rulings would necessarily require the trial judge to find for the plaintiff. The trial judge, however, could have warrantably found in this case that the plaintiff was a passenger for hire from the evidence tending to show that the plaintiff was an employee of the town of Woburn; that the defendant was also employed as a foreman by the same town in the same department as the plaintiff was employed; that the defendant, hired and paid by the town, transported the plaintiff to his place of employment ; that when the plaintiff arrived at the point to which the defendant was to carry him, the plaintiff sitting on the front seat beside the defendant, informed the defendant that he wished to stop so that he could get off the truck; that the defendant slowed down his truck bringing it almost to a stop and “when it was reasonably safe” for him to alight from the truck the plaintiff proceeded to stand up to get out; that defendant “played with the clutch pedal,” causing the truck to jerk back and forth, throwing the plaim tiff forward. From this evidence the plaintiff could have been found to have been a passenger in the exercise of due care. There was sufficient evidence to warrant a finding that the defendant is guilty of negligence in “playing with the clutch pedal” causing the truck to jerk back and forth, thereby causing the plaintiff to fall to his injury.
*408 There was error, therefore, in the failure to give plaintiff’s requests 1, 2, 3, 7 and 8. There was manifest confusion created by the inconsistent rulings made.
Finding for defendant is reversed and a new trial ordered.